| | |
|---|---|
| AMY BURT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) No. 1:23-CV-00192-CEA-CHS ) ) Judge Atchley/Mag. Judge Steger |
| HAMILTON COUNTY, et al | ) ) |
|     Defendants. | ) |

**ANSWER OF HAMILTON COUNTY, TENNESSEE AND SHERIFF JIM HAMMOND**

Hamilton County, Tennessee ("Hamilton County" or "the County") and Sheriff Jim Hammond ("Sheriff Hammond") show the following in answer to the Complaint against them:

**PRELIMINARY STATEMENT**

1. The following sentence of the Preliminary Statement of the Complaint, *"Plaintiff brings this lawsuit following the death of Timothy Burt, a 65-year-old resident of Alabama"* is admitted upon information and belief. All allegations of wrongdoing by these Defendants are denied.

2. The following sentence of the Preliminary Statement of the Complaint, *"Mr. Burt died due to the conscious indifference of the Defendants, in violation of his Constitutional rights, while in the custody, care and control of Silverdale[1], which is owned and operated by Hamilton*

---

[1] The facility formerly known as the Silverdale Detention Center is now known as the Hamilton County Jail and Detention Center ("HCJ&DC").

*County, Tennessee and/or Hamilton County Sheriff's Department"* is admitted in part, denied in part, or without the aid of discovery, is unable to be admitted or denied, with strict proof demanded, or is answered otherwise. These Defendants admit that Timothy Burt ("Mr. Burt") was in the custody of the Hamilton County Sheriff's Office when he experienced a medical problem that eventually lead to his death. Without the aid of discovery, these Defendants can neither admit nor deny the details of Mr. Burt's medical condition, and strict proof is demanded. In further response, medical care at the HCJ&DC was and is handled by Quality Correctional Health Care ("QCHC"), the contracted provider for medical care for detainees and inmates. In further response, no employees of Hamilton County are medical care providers, and these Defendants deny that they failed to provide access to appropriate medical care to the Plaintiff. All allegations of wronging by these Defendants are denied.

3. The following sentence of the Preliminary Statement of the Complaint, *"Amy Burt has lawfully petitioned the Hamilton County Chancery Court and has been named the Administrator and Personal Representative of the Estate of Timothy Burt,"* is admitted upon information and belief. All allegations of wrongdoing by these Defendants are denied.

4. The following sentence of the Preliminary Statement of the Complaint, *"Plaintiff's claims under 42 U.S.C. §1983, and the United States Constitution, arise out of the Defendants' deliberate indifference to Mr. Burt's rights and failure to provide Constitutionally required care, humane living conditions and adequate medical treatment to Mr. Burt"* is denied.

5. Without the aid of discovery, these Defendants can neither admit nor deny the allegations regarding Mr. Burt's actions prior to his detention at the HCJ&DC, and strict proof is

demanded as to the following sentences of the <u>Preliminary Statement</u> of the Complaint, *"Mr. Burt was admitted to Erlanger Hospital for severe mental and physical problems. Not being in an appropriate state of mind or being, he left the hospital, got behind the wheel of an unattended ambulance, and drove away. He was stopped shortly thereafter by police and taken to Silverdale."*[2] All allegations of wrongdoing on the part of these Defendants are denied.

6. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in the following sentences of the <u>Preliminary Statement</u> of the Complaint and strict proof is demanded, *"Once incarcerated, his sister, Donna Kling called routinely, often daily, to inform Silverdale of his dire health conditions and requesting that he receive assistance for his basic needs as his ability to perform day to day tasks was waning. Her pleas were often met with snickers, laughter and snide comments."* All allegations of wrongdoing on the part of these Defendants are denied.

7. The following sentence of the <u>Preliminary Statement</u> of the Complaint, *"No aid was rendered to her brother"* is denied.

8. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in the following sentences of the <u>Preliminary Statement</u> of the Complaint and strict proof is demanded, *"Approximately eight days before his death, Mr. Burt received a mental health evaluation at the request of his public defender. The report made clear that Mr. Burt was deteriorating, was not well, and was in desperate need of serious medical intervention.*

---

[2] This statement is contradicted by ¶ 10 of the Complaint, which states that Mr. Burt was taken back to Erlanger by law enforcement.

*A request was made for him to be[] seen for a physical evaluation. It does not appear from medical records that a medical intake was done despite the request."* All allegations of wrongdoing on the part of these Defendants are denied.

9. The following sentence of the Preliminary Statement of the Complaint, *"He was not treated, and ultimately died on August 27, 2022, as his systems had been slowly shutting down"* is admitted in part and without the aid of discovery can neither admit nor deny certain allegations and strict proof is demanded. It is admitted that Mr. Burt died on August 27, 2022. Without the aid of discovery, these Defendants can neither admit nor deny the remaining allegations of the sentence, and strict proof is demanded. All allegations of wrongdoing on the part of these Defendants are denied.

10. The following sentence of the Preliminary Statement of the Complaint, *"The Defendants deprived him of his clearly established rights guaranteed under the United States Constitution and under the laws of the United States"* is denied.

11. It is denied that the Plaintiff is entitled the relief sought in the following sentence of the Preliminary Statement of the Complaint, *"Plaintiff seeks all damages allowable under the law, including attorney fees and costs in this action pursuant to 18 U.S.C. §1988."*

## JURISDICTION AND VENUE

12. Paragraphs 1 and 2 of the Complaint are admitted as to jurisdiction and venue. All allegations of wrongdoing by these Defendants are denied.

## PARTIES

13. <u>Paragraphs 3</u> through <u>5</u> of the Complaint are admitted upon information and belief. All allegations of wrongdoing by these Defendants are denied.

14. <u>Paragraph 6</u> of the Complaint contains legal conclusions to which these Defendants are not required to respond. All allegations of wrongdoing by these Defendants are denied.

15. <u>Paragraph 7</u> of the Complaint is denied as to the Sheriff's direct and vicarious liability for the actions of staff at the HCJ&DC. The remainder of the <u>Paragraph</u> is admitted. All allegations of wrongdoing by these Defendants are denied.

16. <u>Paragraph 8</u> of the Complaint is denied that to the extent that the Plaintiff claims to be entitled to a jury as to all claims. All allegations of wrongdoing by these Defendants are denied.

## FACTS

17. No response is required to the <u>Paragraph 9</u> of the Complaint. All allegations of wrongdoing by these Defendants are denied.

18. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in <u>Paragraph 10</u> of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants are denied.

19. Without the aid of discovery, these Defendants can neither admit nor deny the allegations contained in <u>Paragraph 11</u> of the Complaint regarding actions that occurred prior to his detention at the HCJ&DC or whether it was "noted that ultimately Mr. Burt would need

'long term placement in a supervised setting' due to a long-term alcohol abuse disorder,"[3] and strict proof is demanded. It is admitted that he began his detention at the Hamilton County Jail on July 5, 2023. All allegations of wrongdoing by these Defendants are denied.

20. It is admitted on information and belief that Mr. Burt died on August 27, 2022. Without the aid of discovery, these Defendants can neither admit nor deny the remaining allegations contained in Paragraphs 12 through 20 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by these Defendants are denied.

21. Paragraph 21 of the Complaint is denied.

22. The following sentences of Paragraph 22 of the Complaint, *"Timothy Burt was left alone in jail to suffer and slowly die"* and *"At the hands of the County, Mr. Burt suffered terrible pain and agony, mental suffering, and injuries due to the conditions and imposed by actions of the Defendants"* are denied. Without the aid of discovery, these Defendants can neither admit nor deny the remaining allegations contained in Paragraph 22 of the Complaint and strict proof is demanded. All allegations of wrongdoing by these Defendants are denied.

### HISTORY OF MEDICAL NEGLECT AND INHUMANE CONDITIONS AT SILVERDALE

23. Paragraph 23 of the Complaint is denied. All allegations of wrongdoing by these Defendants are denied.

24. Paragraph 24 of the Complaint is admitted in part and denied in part. It is admitted that Hamilton County took over operation of Silverdale on December 31, 2020. It is

---

[3] No frame of reference is provided by the Plaintiff as to the person or facility that may have made such notes.

denied that the downtown Hamilton County Jail was closed at that time. Rather the final inmates were gradually transferred to Silverdale through June of 2021, and the downtown Jail was closed at that time. All allegations of wrongdoing by these Defendants are denied.

25. Paragraph 25 of the Complaint is admitted in part and denied in part. It is denied that the jail population at Silverdale doubled overnight. Rather, detainees and inmates from the downtown Hamilton County Jail were integrated into the Silverdale population gradually, not immediately upon Hamilton County's assumption of operations of Silverdale on December 30, 2020. It is denied that the Sheriff's Office was not sufficiently staffed. Upon being made aware that CoreCivic was abandoning the contract to operate Silverdale, the Sheriff's office began vetting employees with CoreCivic as well as ramping up hiring efforts for potential future employment with Hamilton County. Prior to and subsequent to the takeover of Silverdale, the Hamilton County Sheriff's Office hired dozens of additional employees to staff Silverdale, while maintaining staffing at the downtown Jail. It is admitted that several lawsuits have been filed; however, those are unrelated matters, and to which Hamilton County and/or other Defendants appropriately responded through individual answers to complaints; therefore, no response is required here. Further, the allegations contained in those complaints are either mischaracterizations of events or are simply incorrect statements, which were, and are presently denied. All allegations of wrongdoing by these Defendants are also denied.

26. Paragraph 26 of the Complaint is denied as stated. Federal inmates were removed from Silverdale while it was operated by CoreCivic. As stated by Sheriff Hammond in a

press conference on April 28, 2022, "As soon as we came in and they inspected, they restored those federal inmates to us."[4] All allegations of wrongdoing by these Defendants are denied.

27. Paragraphs 27 through 29 of the Complaint contain conclusory allegations made in a completely unrelated matters, and to which Hamilton County and/or other Defendants appropriately responded through individual answers to complaints; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which were, and are presently denied. All allegations of wrongdoing by these Defendants are also denied.

28. Paragraph 30 of the Complaint is admitted as to the news story; however, the news story further states the following: "A spokesperson with TCI says since the re-inspection in November of 2021 the jail has corrected numerous deficiencies since the initial inspection. One of them was overcrowding. They mention it's not uncommon for a jail to have numerous deficiencies." The story also quoted the Sheriff as saying, "[The HCSO] inherited an aging facility with numerous problems and infrastructure" and "many of these issues are directly related to deficiencies they're now trying to address."[5] All allegations of wrongdoing by these Defendants are denied.

29. Paragraphs 31 and 32 of the Complaint contain conclusory allegations made in a completely unrelated matters, and to which Hamilton County and/or other Defendants

---

[4] https://www.timesfreepress.com/news/2022/apr/28/hamiltcounty-sheriff-defiant-he-responds-viol/#/questions. *See* Video at approximately 10:30-11:00.
[5] https://newschannel9.com/news/local/inspection-finds-deficiencies-at-silverdale-detention-center-in-hamilton-county

Page **8** of **16**

Case 1:23-cv-00192-CEA-CHS   Document 9   Filed 10/12/23   Page 8 of 16   PageID #: 48

appropriately responded through individual answers to complaints; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which were, and are presently denied. All allegations of wrongdoing by these Defendants are also denied.

30. Paragraph 33 of the Complaint is admitted. In further response, these Defendants respond that at the facility passed upon re-inspection, conducted just a few days later. All allegations of wrongdoing by these Defendants are denied.

31. Paragraph 34 of the Complaint contains conclusory allegations made in a completely unrelated matter, and to which Hamilton County and/or other Defendants appropriately responded through individual answers to the complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which were, and are presently denied. All allegations of wrongdoing by these Defendants are also denied.

32. Paragraph 35 of the Complaint is admitted as to the news story regarding an escape. As indicated in the headline, all four escapees were captured. All allegations of wrongdoing by these Defendants are denied.

33. Paragraph 36 of the Complaint contains conclusory allegations made in a completely unrelated matter, and to which Hamilton County and/or other Defendants appropriately responded through individual answers to the complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply

incorrect statements, which were, and are presently denied. All allegations of wrongdoing by these Defendants are also denied.

34. Paragraph 37 of the Complaint is admitted as to the news story regarding inmate death in December of 2022, and the reported cause of death. All other allegations are denied, as are all allegations of wrongdoing by these Defendants.

35. Paragraphs 38 and 39 of the Complaint are denied.

## COUNT I
## 42 U.S.C. 1983 *MONELL* LIABILITY (POLICIES, PROCEDURES, CUSTOMS)

36. No response is required to Paragraph 40 of the Complaint. All allegations of wrongdoing by these Defendant are denied.

37. Paragraph 41 of the Complaint contains a legal conclusion for which no response is required of these Defendants. All allegations of wrongdoing by these Defendants are denied.

38. Paragraphs 42 through 47 of the Complaint is denied.

## COUNT II
## 42 U.S.C. (FAILURE TO TRAIN)

39. No response is required to Paragraph 48 of the Complaint. All allegations of wrongdoing by these Defendants are denied.

40. Paragraphs 49 through 54 of the Complaint are denied.

## COUNT III
## 42 U.S.C. 1983 (FAILURE TO SUPERVISE)

41. No response is required to Paragraph 55 of the Complaint. All allegations of wrongdoing by these Defendants are denied.

42. <u>Paragraphs 56</u> through <u>61</u> of the Complaint are denied.

## COUNT IV
## 42 U.S.C. 1983 (INDIFFERENCE TO MEDICAL NEEDS)

43. No response is required to <u>Paragraph 62</u> of the Complaint. All allegations of wrongdoing by these Defendants are denied.

44. <u>Paragraphs 63</u> through <u>70</u> of the Complaint are denied.

## PRAYERS FOR RELIEF

45. It is denied that the Plaintiff is entitled to any damages as set forth in the Plaintiff's prayers for relief.

46. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

## DEFENDANTS' INTENT TO SEEK ATTORNEY FEES AND COSTS

47. Hamilton County intends to seek attorney fees and costs of litigation as to the claims made against it as a prevailing party pursuant to *F.R.Civ.P.* 54.

48. Sheriff Hammond intends to seek attorney fees and costs of litigation as to the claims made against him as a prevailing party pursuant to *F.R.Civ.P.* 54.

49. To the extent applicable, Sheriff Hammond intends to seek attorney fees and costs of litigation as to the claims made against him as a prevailing party pursuant to *Tenn. Code Ann.* § 29-20-113(a).

## AFFIRMATIVE DEFENSES

50. The Complaint fails to state a claim and/or cause of action against these Defendants upon which relief can be granted.

51. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by Mr. Burt was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

52. Sheriff Hammond cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by Mr. Burt was not proximately cause by or directly related to any unconstitutional practice on the part of Sheriff Hammond.

53. Suit against Sheriff Hammond in his capacity as Sheriff is a suit against Hamilton County, which is a duplicative claim, as the County is already a named defendant and Sheriff Hammond is entitled to be dismissed from this matter.

54. At all times pertinent hereto, Sheriff Hammond was acting in the good-faith performance of his duties and is entitled to qualified immunity in this cause.

55. These Defendants acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause harm to Mr. Burt.

56. These Defendants' liability for punitive damages, if any, which is denied, is limited by the Due Process Clause of the United States Constitution.

57. The Plaintiff's claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

Case 1:23-cv-00192-CEA-CHS   Document 9   Filed 10/12/23   Page 12 of 16   PageID #: 52

58. The Plaintiff's claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

59. Hamilton County was not deliberately indifferent as to the training, supervision or discipline of its employees.

60. Sheriff Hammond was not deliberately indifferent as to the training, supervision or discipline of the Sheriff's Office employees.

61. Neither Hamilton County nor Sheriff Hammond were deliberately indifferent as to Mr. Burt's medical care, as it provides medical care for detainees and inmates by contract with Quality Correctional Health Care.

62. These Defendants did not act willfully, or in a knowing and willful manner, indicative of bad faith.

63. To the extent applicable, these Defendants assert the affirmative defenses of statute of limitations, assumption of the risk, contributory/comparative negligence, Mr. Burt's failure to exercise ordinary care for his own safety, failure to avoid consequences, failure to mitigate damages, and failure to exhaust administrative remedies as required by the PRLA, if any.

64. Mr. Burt was not deprived by these Defendants of any constitutionally protected interest (life, liberty or property) without due process of law, nor did these Defendants violate Mr. Burt's rights pursuant to any provision of the United States Constitution or any Amendments, or any other United States laws.

Page **13** of **16**

Case 1:23-cv-00192-CEA-CHS   Document 9   Filed 10/12/23   Page 13 of 16   PageID #: 53

65. Quality Correctional Health Care provides medical treatment to inmates and pre-trial detainees who are incarcerated at the HCJ&DC through its contract with Hamilton County. To the extent that the Plaintiff has alleged any failure relative to the quality of medical care, QCHC is responsible for such medical care.

66. These Defendants do not provide medical treatment and thus cannot be held liable for any failings related to medical care pursuant to the Tennessee Health Care Liability Act.

67. The Plaintiff's complaints sound in negligence regarding medical care; however, the Plaintiff did not properly comply with the pre-suit requirements of the Health Care Liability Act, *T.C.A.* §§ 29-26-121 and 29-26-122.

68. To the extent applicable, any general negligence claims against Hamilton County and Sheriff Hammond are governed by the Tennessee Governmental Tort Liability Act, *Tenn. Code Ann.* § 29-20-101, *et seq.,* ("GTLA") and Hamilton County and Sheriff Hammond are entitled to all defenses, immunities, and protections of said Act.

69. To the extent applicable, a jury trial is not applicable to any claims pursuant to the GTLA.

70. These Defendants assert any and all immunities, whether absolute or qualified.

71. Sheriff Hammond is not responsible for any alleged wrongful actions of his deputies pursuant to *Tenn. Code Ann.* § 8-8-301.

72. No employees of Hamilton County are medical care providers, and these Defendants deny that they failed to provide access to appropriate medical care to Mr. Burt.

73. In further response to the Complaint, to the extent applicable, these Defendants state that they are entitled to the immunity of discretionary function under the Tennessee Government Tort Liability Act in regard to any averments of the Complaint construed as possibly alleging inadequate hiring, training or supervision of employees.

74. To the extent the Plaintiff's claims regarding medical care sound as negligence claims pursuant to the Health Care Liability Act pursuant to T.C.A. § 29-26-101, *et seq.,* these Defendants cannot be liable for any alleged inadequacies for medical treat because QCHC was an independent contractor.

75. These Defendants did not possess a sufficiently culpable state of mind, characterized by obduracy or wantonness, adequate to support the Plaintiff's claim of deliberate indifference as to Mr. Burt's medical care.

76. The Complaint was filed without a reasonable, good faith basis in its merit.

77. These Defendants are presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance available pursuant to *F.R.Civ.P.* 8.

Wherefore, having fully answered, these Defendants pray that they be dismissed with costs assessed against the Plaintiff.

*Signature(s) on the Following Page(s).*

**HAMILTON COUNTY ATTORNEY'S OFFICE**

By: *s/Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151
Email: rdhobbs@hamiltontn.gov
Email: sharonm@hamiltontn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/Sharon M. Milling*